## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____1:21-cv-23880_____

**TALICIA COOPER,**

>   *Plaintiff,*

**vs.**

**EMPOWER "U", INC., a Florida not-for-profit corporation; and BETTER WAY OF MIAMI, INC., a Florida not-for-profit corporation,**

>   *Defendants.*

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Talicia Cooper, through her counsel, sues Defendants Empower "U", Inc. and Better Way of Miami, Inc., and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this civil action pursuant, among other things, to 28 U.S.C. §§ 1331 and 1343(a)(4). The Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

2.      Plaintiff, Talicia Cooper, ("Plaintiff" or "Ms. Cooper") is a resident of Miami-Dade County, Florida, and is competent to bring this action.

THE BURTON FIRM

3.      Defendant, Empower "U", Inc., ("Empower U") is a Florida not-for-profit corporation with a principal place of business in Miami-Dade County, Florida, and is *sui juris*.

4.      Defendant, Better Way of Miami, Inc. ("Better Way") is a Florida not-for-profit corporation with a principal place of business in Miami-Dade County, Florida, and is *sui juris*.

5.      Venue is proper in the Southern District of Florida because the workplace in which the unlawful practices were committed is located in the Southern District of Florida.

6.      All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

7.      Plaintiff is entitled to recover reasonable attorneys' fees and costs under, *inter alia*, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992.

8.      Plaintiff has retained the undersigned law firm to represent her in this action, and has agreed to pay a reasonable fee.

### GENERAL ALLEGATIONS

### Ms. Cooper's job at Empower U

9.      Empower U is a federally qualified health center that provides, among other things, services relating to HIV/AIDS, including awareness, screening, and prevention programs, as well as primary medical care.

THE BURTON FIRM

10.    Ms. Cooper was employed as a medical assistant for Empower U.

11.    Ms. Cooper's duties for Empower U included providing medical assistance on the mobile unit bus for underprivileged members of the community.

**The Attack**

12.    On September 11, 2019, Ms. Cooper was working for Empower U as a medical assistant on the mobile unit.

13.    The Empower U mobile unit was at the Better Way location in Miami that day in order to treat patients from Better Way.

14.    On that day, Ms. Cooper was physically and sexually attacked by a patient that she was assisting.

15.    Ms. Cooper was able to free herself from the attacker and got off the mobile unit, although she sustained injuries and trauma in the process.

16.    Ms. Cooper was not supposed to have been left alone with the patient that attacked her, since Empower U protocols require that another staff member be present at all times in the presence of patients. One of the reasons for this protocol is the protection of Empower U staff members from patients.

17.    Yet, despite the foregoing, Empower U did not follow its protocols requiring that another staff member be present at the time of the attack on Ms. Cooper.

18.    The patient that attacked Ms. Cooper was known or suspected by Better Way to have engaged in prior similar conduct.

[B] THE BURTON FIRM

19.     Yet, Better Way took no actions to prevent that patient from being treated by Ms. Cooper. Nor did Better Way take any steps to provide protection to Ms. Cooper while she was treating that patient. Nor did Better Way even take any steps to warn Ms. Cooper about this patient.

### The Aftermath

20.     Ms. Cooper immediately reported the attack to her supervisor, Ms. Tangelia Roundtree.

21.     Ms. Roundtree instructed Ms. Cooper to go back to work and finish her duties.

22.     Despite being completely distraught, emotionally shaken, and physically injured, Ms. Cooper finished the last two hours of her shift per Ms. Roundtree's instruction.

23.     At the end of the shift, Ms. Cooper returned to the Empower U office in Ms. Roundtree's care.

24.     While Ms. Cooper fought through the trauma, she unpacked the medical equipment from Ms. Roundtree's car.

25.     A few minutes later, Ms. Cooper was called into a meeting with the Medical Director, Darren Thornton, MD, as well as Ms. Roundtree and another medical assistant at Empower U.

|B| THE BURTON FIRM

26.     During the meeting, Dr. Thornton shrugged his shoulders upon learning of the attack on Ms. Cooper and indicated, "that's what happens when you look a certain way."

27.     Dr. Thornton told Ms. Cooper that she should "wear a lab coat to cover her hips and butt," even though Ms. Cooper was wearing company assigned scrubs.

28.     Dr. Thornton told Ms. Cooper that "you smile too much, you're too friendly, you invite this behavior."

29.     Ms. Roundtree scolded Ms. Cooper for the attack by indicting that "you shouldn't have closed the door," despite Ms. Cooper needing to shut the door on the medical unit to protect patient privacy.

30.     Ms. Cooper was never offered medical attention by Empower U.

31.     Empower U also failed to make proper provisions or plans for Ms. Cooper to report this attack to law enforcement at the time it occurred.

32.     In the weeks and months after the attack, Ms. Cooper was subjected to unwelcome sexual harassment.

33.     This sexual harassment adversely effected Ms. Cooper's employment environment and created an intimidating, hostile, and/or offensive work environment for her.

34.     For instance, on one occasion, while Ms. Cooper was wearing a brace on her hand as a result of injuries she sustained during the attack, an employee at Empower U laughed at Ms. Cooper and said that "you hurt your dick sucking hand."

THE BURTON FIRM

35.     Empower U failed to keep information about the attack confidential. Rather, Empower U actively disseminated the information.

36.     As a result, Ms. Cooper was subjected to numerous hurtful rumors that she was raped.

37.     Ms. Cooper was also suggested to numerous inappropriate comments from people who had no legitimate reason or basis to know that anything had occurred.

38.     Dr. Thornton publicly indicated that Ms. Cooper got what she deserved because "that's what she gets for walking in tight ass pants. That's what happens when she looks and dresses like that."

39.     Dr. Thornton instructed other employees to ignore Ms. Cooper.

40.     Dr. Thornton also stated that Ms. Cooper should stop acting like something was wrong.

41.     Dr. Thornton has also stated that "maybe if she wasn't wearing all that shit showing off her ass and body this wouldn't have happened to her."

42.     Ms. Phara Benoit, Chief Operating Officer at Empower U, indicated that "nothing happened" to Ms. Cooper.

43.     Ms. Roundtree also told Ms. Cooper, "You're a liability."

44.     Empower U's agents disseminated information about the attack on Ms. Cooper so broadly that even people who were not employees of Empower U learned of it.

45.    As one example, a former employee of Empower U, Mirthas Alexandre, learned of the attack on Ms. Cooper. Mirthas Alexandre learned, among other things, that (a) Dr. Thornton had stated that "maybe if she [meaning Ms. Cooper] wasn't wearing all that shit showing off her ass and body this wouldn't have happened to her," and (b) Ms. Benoit had stated that "nothing happened to her [meaning Ms. Cooper]."

46.    Ms. Cooper was also subjected to retaliation after reporting the attack.

47.    Ms. Cooper was no longer permitted to serve as a medical assistant on the mobile unit. Additionally, Ms. Cooper's hours of work were altered and her work duties were diminished to mostly administrative duties.

48.    Eventually, Ms. Cooper left her job at Empower U in what amounts to a constructive termination due to Empower U's inappropriate conduct.

49.    The foregoing allegations are not an exhaustive list of the inappropriate statements, conduct, and actions by Empower U. Discovery is expected to reveal even more inappropriate conduct.

## EEOC Charge

50.    Ms. Cooper would not have been subjected to any adverse employment actions by Empower U had she not been a woman and everything else had been the same.

51.    Alternatively, at a minimum, unlawful discrimination was at least one of the reasons for the discriminatory conduct and adverse actions against Ms. Cooper, and Empower U, at best, possessed mixed motives.

B THE BURTON FIRM

52.     Ms. Cooper timely filed a Charge of Discrimination against Empower U with the Equal Employment Opportunity Commission and Florida Commission on Human Relations.

53.     The EEOC issued Ms. Cooper a Notice of Right to Sue on August 25, 2021.

### COUNT I

**SEX DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
AGAINST EMPOWER "U", INC.**

54.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiff belongs to a protected class, due to her sex.

56.     Empower U unlawfully discriminated against Plaintiff by creating an intimidating, hostile, and/or offensive work environment and by taking adverse employment actions against her due to her sex.

57.     Plaintiff suffered as a result of the intimidating, hostile, and/or offensive work environment, and the adverse employment actions.

58.     Empower U treated similarly situated male employees more favorably than Plaintiff.

59.     Empower U had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

THE BURTON FIRM

60.     Empower U had no legitimate business reason for its intimidating, hostile, and/or offensive work environment or for taking adverse actions against Plaintiff.

61.     Alternatively, if Empower U did have any legitimate business reason(s) to take any of the aforementioned conduct, then discrimination was at least an additional reason for the aforementioned intimidating, hostile, and/or offensive work environment and/or adverse actions against Plaintiff, and Empower U, at best, possessed mixed motives.

62.     In discriminating against Plaintiff, Empower U acted with malice and reckless disregard for Plaintiff's federally protected rights.

63.     As a result of the Empower U's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendant Empower "U", Inc., for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

⟨B⟩ THE BURTON FIRM

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT OF 1992
### AGAINST EMPOWER "U", INC.

64.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

65.     Plaintiff belongs to a protected class, due to her sex.

66.     Empower U unlawfully discriminated against Plaintiff by creating an intimidating, hostile, and/or offensive work environment and by taking adverse employment actions against her due to her sex.

67.     Plaintiff suffered as a result of the intimidating, hostile, and/or offensive work environment, and the adverse employment actions.

68.     Empower U treated similarly situated male employees more favorably than Plaintiff.

69.     Empower U had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

70.     Empower U had no legitimate business reason for its intimidating, hostile, and/or offensive work environment or for taking adverse actions against Plaintiff.

71.     Alternatively, if Empower U did have any legitimate business reason(s) to take any of the aforementioned conduct, then discrimination was at least an additional reason for the aforementioned intimidating, hostile, and/or offensive work

THE BURTON FIRM

environment and/or adverse actions against Plaintiff, and Empower U, at best, possessed mixed motives.

72.     In discriminating against Plaintiff, Empower U acted with malice and reckless disregard for Plaintiff's statutorily protected rights.

73.     As a result of the Empower U's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendant Empower "U", Inc., for all allowable remedies (equitable and/or at law) pursuant to the Florida Civil Rights Act of 1992, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## COUNT III

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964
### AGAINST EMPOWER "U", INC.

74.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

75.     Plaintiff engaged in statutorily protected activity when she reported the attack, among other things.

76.     After Plaintiff engaged in such statutorily protected activity, she was

THE BURTON FIRM

subjected to adverse employment actions.

77.     Plaintiff's reporting of the attack is causally connected to Empower U's retaliatory adverse employment actions against her.

78.     As a result of Empower U's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendant Empower "U", Inc. for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964, all allowable nominal and compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## COUNT IV

### RETALIATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT OF 1992
### AGAINST EMPOWER "U", INC.

79.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

80.     Plaintiff engaged in statutorily protected activity when she reported the attack, among other things.

81.     After Plaintiff engaged in such statutorily protected activity, she was subjected to adverse employment actions.

82.     Plaintiff's reporting of the attack is causally connected to Empower U's retaliatory adverse employment actions against her.

83.     As a result of Empower U's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendant Empower "U", Inc. for all allowable remedies (equitable and/or at law) pursuant to the Florida Civil Rights Act of 1992, all allowable nominal and compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST EMPOWER "U", INC.

84.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

85.     Empower U intentionally inflicted severe emotional distress upon Plaintiff.

86.     In repeatedly mocking and sexualizing Plaintiff in the aftermath of a sexual attack and assault, Empower U engaged in conduct that was intentional or reckless, and which it knew or should have known would lead to severe emotional distress to Plaintiff.

Page 13 of 20

B THE BURTON FIRM

87.     Empower U's conduct was outrageous, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

88.     Empower U intended that its conduct would cause Plaintiff severe emotional distress.

89.     Empower U's conduct caused severe emotional distress to Plaintiff.

90.     Empower U's agents' actions that constituted intentional infliction of emotion distress against Plaintiff were made within the course and scope of agency with Empower U, thereby subjecting Empower U to liability for its agents' conduct under the doctrine of *respondeat superior*.

91.     Alternatively, even if Empower U's agents' actions were not within the course and scope of agency with Empower U, then Empower U is still liable for intentional infliction of emotional distress through the doctrine of ratification by failing to take sufficient remedial action.

92.     As a proximate cause of Empower U's intentional infliction of emotional distress, Plaintiff suffered significant damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendant Empower "U", Inc. for all allowable damages, including nominal and compensatory damages; consequential damages; special damages including all past, present, and future medical, psychological/counseling, and pharmaceutical/medicinal damages as well as lost wages and income in the past and continuing into the future,

and all other damages flowing from the Defendant's conduct; punitive damages, all taxable costs allowable by law, and pre-judgment and post-judgment interest, as appropriate; together with such other and further relief that this Court deems just and proper.

## COUNT VI

### INVASION OF PRIVACY:
### PUBLIC DISCLOSURE OF PRIVATE FACTS
### AGAINST EMPOWER "U", INC.

93.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

94.    Through its agents, Empower U, made publication(s) of private facts about and pertinent to Ms. Cooper concerning highly sensitive.

95.    The private facts that Empower U published that are about and pertinent to Ms. Cooper were offensive.

96.    The private facts that Empower U published that are about and pertinent to Ms. Cooper are not of any public concern.

97.    The public disclosure(s) of private facts against Ms. Cooper were made within the disclosers' courses and scopes of their agency(ies) with Empower U, thereby subjecting Empower U to liability for its agents' conduct under the doctrine of *respondeat superior*.

98.    Alternatively, if a finder of fact determines that any discloser(s) were not acting within the course and scope of their agencies with Empower U as to any

specific disclosure(s), then Empower U should still be liable through the doctrine of ratification by failing to take sufficient remedial action.

99.    As a direct and proximate cause of the public disclosure of private facts, Ms. Cooper suffered significant damages.

WHEREFORE, Plaintiff Talicia Cooper respectfully demands judgment against Defendant Empower "U", Inc., for all allowable damages, including nominal and compensatory damages; consequential damages; special damages including all past, present, and future medical, psychological/counseling, and pharmaceutical/medicinal damages as well as lost wages and income in the past and continuing into the future, and all other damages flowing from the Defendant's conduct; punitive damages, all taxable costs allowable by law, and pre-judgment and post-judgment interest, as appropriate; together with such other and further relief that this Court deems just and proper.

## COUNT VII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST EMPOWER "U", INC. AND BETTER WAY OF MIAMI, INC.

100.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

101.    The Defendants named in this count had a duty to Plaintiff to ensure a safe working environment and to prevent her from known dangers and harms, including from patients.

102.    The Defendants breached this duty to Plaintiff.

|B| THE BURTON FIRM

103.    In failing to take sufficient steps to protect Plaintiff, resulting in a physical and sexual attack on her, Defendants engaged in conduct which resulted in physical impact to Plaintiff in that it constituted an outside force or substance to touch or enter into the plaintiff's body.

104.    Additionally, and/or alternatively, Plaintiff experienced physical symptoms that were associated with the emotional distress.

105.    Plaintiff has suffered severe emotional distress and psychological harm as a consequence of Defendants' negligent infliction of emotional distress, and the physical impact associated therewith.

106.    In committing these acts against Plaintiff with particularly egregious and outrageous circumstances, Defendants engaged in conduct which they knew or should have known would lead to severe emotional distress to Plaintiff.

107.    Defendants' conduct was outrageous, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

108.    Defendants' conduct was the actual and reasonably foreseeable cause of severe emotional distress, psychological damage, and associated harm to Plaintiff.

109.    There is a reasonably close causal connection between Defendants' breach of duty and the Plaintiff's resulting damages.

110.    Defendants' agents' actions that constituted negligent infliction of emotion distress against Plaintiff were made within the course and scope of agency

with Defendants, thereby subjecting Defendants to liability for its agents' conduct under the doctrine of *respondeat superior*.

111.    Alternatively, even if Defendants' agents' actions were not within the course and scope of agency with Defendants, then Defendants are still liable for negligent infliction of emotional distress through the doctrine of ratification by failing to take sufficient remedial action.

112.    As a proximate cause of the Defendants' negligent infliction of emotional distress, Plaintiff suffered significant damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendants Empower "U", Inc. and Better Way of Miami, Inc. for all allowable damages, including nominal and compensatory damages; consequential damages; special damages including all past, present, and future medical, psychological/counseling, and pharmaceutical/medicinal damages as well as lost wages and income in the past and continuing into the future, and all other damages flowing from the Defendant's conduct; punitive damages, all taxable costs allowable by law, and pre-judgment and post-judgment interest, as appropriate; together with such other and further relief that this Court deems just and proper.

## COUNT VIII

## NEGLIGENCE AGAINST EMPOWER "U", INC.
## AND BETTER WAY OF MIAMI, INC.

113.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

114.    The Defendants named in this count had a duty to Plaintiff to ensure a safe working environment and to prevent her from known dangers and harms, including from patients.

115.    Defendants breached this duty to Plaintiff.

116.    There is a reasonably close causal connection between Defendants' breach of duty and the Plaintiff's resulting damages.

117.    As a proximate cause of the Defendants' breach of its duty, Plaintiff suffered significant damages.

**WHEREFORE**, Plaintiff Talicia Cooper demands judgment against Defendants Empower "U", Inc. and Better Way of Miami, Inc. for all allowable damages, including nominal and compensatory damages; consequential damages; special damages including all past, present, and future medical, psychological/counseling, and pharmaceutical/medicinal damages as well as lost wages and income in the past and continuing into the future, and all other damages flowing from the Defendant's conduct; punitive damages, all taxable costs allowable by law, and pre-judgment and post-judgment interest, as appropriate; together with such other and further relief that this Court deems just and proper.

THE BURTON FIRM

## DEMAND FOR JURY TRIAL

118.    Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

*Counsel for Plaintiff Talicia Cooper*

**THE BURTON FIRM, P.A.**
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By:   /s/ Marc A. Burton _____
Richard J. Burton   Fla. Bar No. 179337
Marc A. Burton     Fla. Bar No. 95318

THE BURTON FIRM